# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JESUS GONZALEZ-SOTO,

    Petitioner,

vs.

ISIDRO BACA, et al.,

    Respondents.

Case No. 3:14-cv-00304-RCJ-WGC

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#13) and respondents' motion to dismiss (#19). Petitioner has not filed a response to the motion, and thus he consents to the court granting the motion. LR 7-2(d). For the reasons stated below, the court grants the motion.

    Respondents first argue that ground 1 of the petition is not exhausted. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

    Ground 1 is a claim that petitioner's trial counsel provided ineffective assistance because trial counsel did not object to the admission of evidence seized during a search without a warrant. Petitioner had presented this issue to the Nevada Supreme Court in his first appeal from the denial of his state post-conviction habeas corpus petition. The Nevada Supreme Court remanded for an

evidentiary hearing on the issue. Ex. 97 (#23). There the matter stands. The state district court needs to hold that evidentiary hearing, and the Nevada Supreme Court needs to rule on the merits of the issue, before ground 1 is exhausted.

Ground 2 is a claim that petitioner's speedy-trial rights were violated. Respondents note correctly that to the extent that petitioner is claiming that the state district court violated Nev. Rev. Stat. § 178.556, the state speedy-trial act, he is making a claim of error of state law, which is not addressable in federal habeas corpus. Pulley v. Harris, 465 U.S. 37, 41 (1984). Respondents need not address the state-law aspects of ground 2. Respondents still will need to address the federal constitutional aspects of ground 2, depending upon what petitioner decides to do with the unexhausted ground 1.

Ground 3 is a claim that searches in petitioner's case violated the Fourth Amendment. Respondents correctly argue that this ground is not addressable in federal court because petitioner had a full and fair opportunity to litigate the issue in state court. Stone v. Powell, 428 U.S. 465 (1976). The court dismisses ground 3.

Ground 5 mentions the Fourth Amendment in its heading. To the extent that ground 5 attempts to raise a Fourth-Amendment claim, that claim is not addressable in federal habeas corpus. Stone v. Powell, 428 U.S. 465 (1976).

The remainder of ground 5 is a claim that the admission of evidence violated state law. Respondents correctly note that this is an issue that is not addressable in federal habeas corpus. See Estelle v. McGuire, 502 U.S. 62, 68-69 (1991). The court dismisses ground 5.

The petition (#13) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may voluntarily dismiss the unexhausted ground 1 and proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust ground 1, or he may move to stay this action while he returns to state court to exhaust ground 1. If petitioner chooses the second option, the court makes no assurances about any possible state-law procedural bars or the timeliness of a subsequently filed federal habeas corpus petition. If petitioner chooses the last option, he must

show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005). If petitioner chooses the last option, he also will need to designate an alternative choice in case the court declines to stay the action. Otherwise, the court will dismiss the action.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#19) is **GRANTED**. Grounds 3 and 5, and the claims of violation of state law in ground 2, are **DISMISSED** from this action.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to do one of the following: (1) inform this court in a sworn declaration that he wishes to dismiss ground 1 of his petition (#13), and proceed only on the remaining grounds for relief, (2) inform this court in a sworn declaration that he wishes to dismiss his petition (#13) to return to state court to exhaust his state remedies with respect to the claims set out in ground 1 of his petition (#13), or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to the claims set out in ground 1 of his petition (#13). Failure to comply will result in the dismissal of this action.

IT IS FURTHER ORDERED that if petitioner elects to dismiss the aforementioned grounds of his petition (#13) and proceed on the remaining grounds, respondents shall file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, within forty-five (45) days after petitioner serves his declaration dismissing those grounds. Petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

DATED: This 12th day of February, 2016.

_____
ROBERT C. JONES
United States District Judge